**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Dean WALKER, Defendant–
Appellant.**

**No. 93–50621.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 1994 *.

Decided June 21, 1994.

---

* The panel unanimously finds this case appropriate for decision without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

418

Gerald C. Salseda, Asst. Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Bruce Riordan, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.

Opinion by Judge FARRIS.

FARRIS, Circuit Judge:

Ronald Walker appeals his sentence for illegally possessing firearms in violation of 26 U.S.C. §§ 5861(d), 5861(i). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

## I. FACTS

Walker was charged with ten counts of illegally possessing firearms. He pled guilty to Counts 1 and 10. Count 1 charged that on or about March 17, 1993, Walker possessed an unregistered Sten 9 millimeter machine gun in violation of 26 U.S.C. § 5861(d). Count 10 charged that on or about April 9, 1993, Walker possessed a 9 millimeter stainless steel silencer not identified by serial number in violation of 26 U.S.C. § 5861(i).

At his sentencing hearing, Walker urged a downward departure on the basis of "self-inflicted punishment." He introduced a report of a psychological examination which concluded that after his arrest, Walker began experiencing anxiety attacks, had trouble sleeping and was placed on antidepressant medication. Walker feared that if he was incarcerated he would lose his employment and be unable to support his family. The district court ruled that it could not depart downward on the basis of self-inflicted punishment. The district court also rejected Walker's argument that application of the November 1, 1992 version of the Sentencing Guidelines to his convictions violated the ex post facto clause. Walker was sentenced to 24 months in prison.

## II. SELF-INFLICTED PUNISHMENT

We review a district court's determination that it lacks discretion to depart from the Sentencing Guidelines de novo. *United States v. Reyes–Alvarado*, 963 F.2d 1184, 1189 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992).

Walker contends that the district court erred in ruling it did not have authority to depart downward on the basis of self-inflicted punishment. He argues that the district court's authority stems from 18 U.S.C. § 3553(b) and § 5K2.0 of the Sentencing Guidelines. Section 5K2.0 explains that

> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately

taken into consideration by the Sentencing Commission...." Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance.

U.S.S.G. § 5K2.0 (p.s.).

■ What Walker refers to as "self-inflicted punishment" is nothing more than post-arrest emotional trauma. Post-arrest emotional trauma is a natural consequence of being charged with a crime. It is irrelevant for sentencing purposes.

The Sixth Circuit recently faced a similar issue: whether the Guidelines authorize a downward departure on the basis of suicidal tendencies. *United States v. Harpst,* 949 F.2d 860, 863 (6th Cir.1991). The court held that

[a]fter careful consideration, we find a rule permitting departures on the basis of defendants' avowed self-destructive tendencies ill-advised. A holding by this court embracing downward departures due to suicidal tendencies would, we fear, result in such claims becoming virtual boilerplate in defendants' arguments before sentencing judges. Having to separate the wheat of valid claims from the chaff of disingenuous ones is a path before which we give serious pause.

We agree with the reasoning of the Sixth Circuit and find it applicable to the issue confronting us. Were we to hold that such trauma constitutes a valid ground for downward departures, every arrestee would request a downward departure on that basis. District courts would be faced with the daunting task of evaluating defendants' subjective claims and deciding what degree of emotional trauma would be necessary to obtain a departure. Such a task is unwarranted.

We hold that post-arrest emotional trauma, or what Walker refers to as "self-inflicted punishment," does not constitute a valid basis for departure under the Sentencing Guidelines.[1]

## III. APPLICATION OF THE NOVEMBER 1, 1992 SENTENCING GUIDELINES

■ The district court sentenced Walker under the November 1, 1992 version of the Sentencing Guidelines. Walker contends that his sentence violates the ex post facto clause. He argues that the district court should have applied the Sentencing Guidelines in effect at the time he first obtained possession of the firearms in question because (1) the crimes were "completed" at that time and (2) illegal possession of a firearm is a continuing offense. Walker's argument lacks merit.[2] Whether an application of the Sentencing Guidelines violates the ex post facto clause is reviewed de novo. *United States v. Johns,* 5 F.3d 1267, 1269 (9th Cir. 1993).

■ The indictment against Walker charged that he illegally possessed the machine gun in March 1993 and the silencer in April 1993. He pled guilty to the charges. The conduct to which he pled guilty—possessing the machine gun and silencer—occurred in March and April of 1993. The November 1, 1992 Sentencing Guidelines were in effect in March and April of 1993. There was no ex post facto problem.

We need not decide whether illegal possession of a firearm is a continuing offense for sentencing purposes because even if it were, the Guidelines in effect at the time the crime is completed are applicable. *See United States v. Castro,* 972 F.2d 1107, 1112 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993). Walker's offenses would not have been completed until the date set forth in the indictment or until

---

1. Our holding is limited to post-arrest emotional trauma. We need not decide whether a defendant's pre-arrest mental or emotional condition constitutes a valid ground for departure. *Cf.* U.S.S.G. § 5H1.3 (p.s.) ("Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range....")

2. Walker's argument defies logic. If Walker's offenses were "completed" the instant he obtained possession of the firearms, they could not simultaneously be considered continuing offenses.

he relinquished possession of the machine gun and silencer. *Cf. Von Eichelberger v. United States,* 252 F.2d 184 (9th Cir.1958) (Offense of illegal possession continues until date set forth in indictment for statute of limitations purposes). Thus, regardless of whether illegal possession of a firearm is a continuing offense, the district court's application of the November 1, 1992 Guidelines was entirely appropriate.

AFFIRMED.