**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 4/16/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff-Appellee,          )
                                   )
v.                                 )   No. 95-3141
                                   )
TONY CAONABO CABRERA-SOSA,          )
                                   )
    Defendant-Appellant.          )

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 94-10118-01)

---

Timothy J. Henry, Assistant Federal Public Defender (David J.
Phillips, Federal Public Defender, with him on the briefs),
Wichita, Kansas, for Defendant-Appellant.

D. Blair Watson, Assistant United States Attorney (Randall K.
Rathbun, United States Attorney, and Michael Christensen,
Assistant United States Attorney, with him on the brief),
Wichita, Kansas, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Tony Caonabo Cabrera-Sosa pled guilty to reentering the United States after a previous deportation for a felony in violation of 8 U.S.C. § 1326(b)(1).  The district court sentenced him to a term of sixty months.  On appeal, Mr. Cabrera-Sosa contends the district court's application of the "aggravated felony" enhancement violates clear statutory language and the Ex Post Facto Clause.  We affirm.

I.

In 1986, Mr. Cabrera-Sosa sold crack cocaine to an undercover officer of the New York City Police Department, which resulted in his conviction in July 1990 for felony possession of cocaine.[1]  Mr. Cabrera-Sosa was deported in January 1992 to the Dominican Republic after his release from prison.  In late 1994, DEA officers executed a search warrant at the Wichita residence of Wilfred Escribano, whom they had identifed as Mr. Cabrera-Sosa.  Under questioning by INS officials, Mr. Escribano admitted he was Mr. Cabrera-Sosa.  He further explained he had obtained a United States passport under the Escribano alias in 1989 and had used it to reenter the United States one month after his 1992 deportation.

---

[1] The record indicates that Mr. Cabrera-Sosa's 1990 conviction was either for possession of cocaine or possession with intent to distribute.  As we discuss infra, this distinction does not affect our holding.

A grand jury indicted Mr. Cabrera-Sosa for reentering the country after having been deported for an aggravated felony.  He pled guilty to the lesser charge of reentering after deportation for a felony.  In computing Mr. Cabrera-Sosa's offense level, however, the district court added a sixteen-point enhancement because he had been "previously . . . deported after a conviction for an aggravated felony."  U.S.S.G. § 2L1.2(b)(2).  Mr. Cabrera-Sosa contends that his drug trafficking conviction in 1990 was not an aggravated felony within the plain meaning of section 2L1.2(b)(2), and that the aggravated felony enhancement violates the Ex Post Facto Clause of the Constitution.

II.

We first consider Mr. Cabrera-Sosa's argument that the district court misapplied the Sentencing Guidelines.  We review the court's interpretation of the guidelines de novo.  United States v. Agbai, 930 F.2d 1447, 1448 (10th Cir. 1991).

Section 2L1.2(b)(2) provides for a sixteen-level enhancement to the base offense level "[i]f the defendant previously was deported after a conviction for an aggravated felony."  The Application Notes, which explicitly reflect the definition of aggravated felony set out in 18 U.S.C. § 1101(a)(43),define "aggravated felony" in pertinent part as "any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802),

-3-

including any drug trafficking crime as defined in 18 U.S.C. § 924(c)(2)."[2]  U.S.S.G. § 2L1.2 comment. (n.7).

Under section 924(c)(2), the relevant statute, "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)." 18 U.S.C. § 924(c)(2).  "For a drug offense to come within this statute, and, in turn, to meet the definition of 'aggravated felony,' it must meet two criteria: first, the offense must be punishable under one of these three enumerated statutes; and second, the offense must be a felony." United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994).

---

[2] The initial definition of aggravated felony enacted in 1988 included "any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code."  Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7342, 102 Stat. 4181, 4469 (1988).  A November 1990 amendment, effective after the conviction here, added the emphasized language so the definition included "any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18)." 8 U.S.C. § 1101(a)(43)(B); Immigration Act of 1990, Pub. L. No. 101-649, § 501(a)(2), 104 Stat. 4978, 5048 (1990).

Mr. Cabrera-Sosa and the government devote considerable effort to arguing whether the 1990 amendments applied to earlier convictions.  Both parties apparently assume that Mr. Cabrera-Sosa's July 1990 conviction was not a "drug trafficking crime" within the 1988 definition of aggravated felony then in effect, notwithstanding the district court's holding to the contrary. See rec., vol. I, doc. 25 at 2.  Because we agree with the district court, we do not reach the parties' arguments about the 1990 amendments.

The 1990 conviction meets both criteria.  First, possession of cocaine is clearly punishable under the Controlled Substances Act.  See, e.g., 21 U.S.C. § 844(a).  Second, it is undisputed that Mr. Cabrera-Sosa's 1990 conviction was a felony within the meaning of section 924(c)(2) even though it was a state conviction. The Controlled Substances Act defines a felony as "any Federal or State offense classified by applicable Federal or State Law as a felony."  21 U.S.C. § 802(13).[3]  Under New York law any criminal offense punishable by more than one year is a felony.  N.Y. Penal Law § 10.00(5) (McKinney 1995).  Since Mr. Cabrera-Sosa's sentence for his 1990 conviction was fifteen months, the offense was a felony under New York law.  See Forbes, 16 F.3d at 1301 n.10; Jenkins v. INS, 32 F.3d 11, 14 (2d Cir. 1994).

Mr. Cabrera-Sosa argues, however, that the definition of "aggravated felony" does not include offenses committed prior to the enactment of the Anti-Drug Abuse Act of 1988 (ADAA), which introduced the definition.  Section 7342 of the ADAA, which defined "aggravated felony," did not specify whether the term applied to offenses committed prior to the law's enactment.  See Pub L. No. 100-690, 102 Stat. 4181, 4470 (1988).  "Instead, the temporal scope of the term is determined in the substantive

_____

[3] See also U.S.S.G. § 2L1.2 comment. (n.7) ("The term 'aggravated felony' applies to offenses . . . whether in violation of federal or state law . . . .").

<u>sections that follow the definition</u>--the sections providing for a variety of consequences that attach upon the conviction of an aggravated felony." <u>Ayala-Chavez v. United States</u>, 945 F.2d 288, 291 (9th Cir. 1991) (emphasis added), <u>overruled on other grounds</u>, Pub. L. No. 102-232, § 306(a)(11)(B), 105 Stat. 1733, 1751 (1991).  Each of the substantive sections contained an applicability provison which specifically stated to whom the section applied.  <u>Id.</u>  The section criminalizing the conduct at issue here provided for enhanced penalties for reentry by aliens "whose deportation was subsequent to a <u>conviction</u> for commission of an aggravated felony."  ADAA § 7345(a), 102 Stat. at 4471 (emphasis added).  The applicability provision stated that this amendment applied to "any alien who enters . . . the United States on or after [November 18, 1988]."  <u>Id.</u> § 7345(b).

Mr. Cabrera-Sosa was convicted in 1990 of a crime defined at that time as an aggravated felony, he was subsequently deported, and his later reentry was obviously after 1988.  Accordingly, we reject his argument that the ADAA definition does not apply to him.  We hold that his 1990 conviction was an aggravated felony within the meaning of section 2L1.2(b)(2).

### III.

Mr. Cabrera-Sosa also contends the "aggravated felony" enhancement violates the Ex Post Facto Clause of the Constitution.  We review this question de novo.  <u>United States v.</u>

Walker, 27 F.3d 417, 419 (9th Cir.), cert. denied, 115 S. Ct. 377 (1994).

The Constitution provides that "No Bill of Attainder or ex post facto Law shall be passed."  U.S. Const. art. I, § 9, cl. 3. The Supreme Court has "held that [this] Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1601 (1995) (quoting Collins v. Youngblood, 497 U.S. 37, 44 (1990)).

We recently addressed the Ex Post Facto Clause's implications for sentencing:

> "An ex post facto law is one that among other things (1) makes conduct criminal that was legal when done, or (2) inflicts greater punishment for an offense than the law existing when the offense was committed."  To determine whether the application of a sentencing guidelines provision violates the Ex Post Facto Clause, the Supreme Court has articulated a two-prong test: first, did the sentencing court apply the guideline to "events occurring before its enactment," and second, did that guideline "disadvantage the offender affected by it."

United States v. Gerber, 24 F.3d 93, 96 (10th Cir. 1994) (quoting United States v. Patzer, 15 F.3d 934, 942-43 (10th Cir. 1993), and Miller v. Florida, 482 U.S. 423, 430 (1987)).  We have held the Ex Post Facto Clause prevents a court from applying an amended version of a sentencing guideline that was not yet in effect when the defendant committed the crime.  United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir. 1991); see also United

-7-

States v. Orr, 68 F.3d 1247, 1252-53 (10th Cir. 1995) (remanding for resentencing under the guidelines in effect when the crime was committed), cert. denied, 116 S.Ct. 747 (1996).

Mr. Cabrera-Sosa was clearly disadvantaged by the aggravated felony enhancement because the Sentencing Guidelines impose a sixteen-point increase in his base offense level. U.S.S.G. § 2L1.2. However, the relevant event was not the crime of drug trafficking. Mr. Cabrera-Sosa pled guilty to reentering the country without permission after deportation. The event for which he was sentenced was his reentry, not his drug offense. See United States v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir. 1994). The penalties were unambiguous when he reentered the country in 1992, and subsequent changes in the law have not been applied to his detriment. See Weaver v. Graham, 450 U.S. 24, 30 (1981) ("Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.").

Other courts have held the Ex Post Facto Clause inapplicable when confronted with similar facts. See United States v. Saenz-Forero, 27 F.3d 1016, 1018-21 (5th Cir. 1994) (holding that enhancement of defendant's sentence under § 1326(b)(2) and § 2L1.2(b)(2) for 1985 conviction for conspiring to possess and

-8-

distribute cocaine was not ex post facto violation); United States v. Troncoso, 23 F.3d 612, 615 (1st Cir. 1994) (rejecting ex post facto attack on conviction under § 1326(b)(2) where defendant's aggravated felony convictions predated ADAA amendments), cert. denied, 115 S. Ct. 912 (1995); Arzate-Nunez, 18 F.3d at 733-35 ("Since Arzate-Nunez reentered the country after both 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2 were in effect, the district court correctly rejected his ex post facto claims."); see also Gryger v. Burke, 334 U.S. 728, 732 (1948) (holding that recidivist statute was not unconstitutional ex post facto law even though defendant's classification as habitual offender relied on offense occurring prior to effective date of recidivist statute).  Mr. Cabrera-Sosa's sentencing did not violate the Ex Post Facto Clause.

We AFFIRM the judgment of the district court.