**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**APR 22 1999**

**TENTH CIRCUIT**

_____

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE LUIS HERNANDEZ-
BUSTAMONTE,

    Defendant-Appellant.

No. 98-4115
(D. Utah)
(D.Ct. No. 98-CR-80-S)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Jose Luis Hernandez-Bustamonte appeals his seventy-month sentence after pleading guilty to re-entry into the United States as an alien following deportation for a felon conviction, in violation of 8 U.S.C. § 1326. Mr. Hernandez-Bustamonte, through his attorney's *Anders'* brief,[1] challenges the computation of his sentence based on: (1) a 16-level enhancement for his prior felony conviction for possession of cocaine, which he claims is not an "aggravated" felony for the purpose of sentencing under United States Sentencing Guideline § 2L1.2; and (2) a one-point criminal history assessment for a previous conviction for burglary, which he claims should not be considered since it involved domestic violence and excessively increased his criminal history. In a *pro se* filing, Mr. Hernandez-Bustamonte also claims violation of his constitutional rights under 18 U.S.C. § 3161 because his indictment occurred thirty days after his initial arrest for distribution of a controlled substance. We affirm Mr. Hernandez-Bustamonte's conviction and sentence.

We review the district court's legal interpretation of the Sentencing

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). Mr. Hernandez-Bustamonte's counsel also filed a motion to withdraw after determining this appeal is frivolous, thereby compromising his ability to effectively and ethically represent him. Motion for Leave to Withdraw as Counsel dated 12/7/98. We grant counsel's motion to withdraw.

Guidelines *de novo*. *United States v. Aranda-Hernandez*, 95 F.3d 977, 981 (10th Cir. 1996), *cert. denied*, 520 U.S. 1144 (1997). Applying this standard of review, we note that a conviction for possession of a controlled substance constitutes an aggravated felony for the purposes of United States Sentencing Guideline § 2L1.2. *Aranda-Hernandez*, 95 F.3d at 981-82; *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir.), *cert. denied*, 117 S. Ct. 218 (1996). Therefore, the district court properly applied Mr. Hernandez-Bustamonte's prior felony conviction for possession of cocaine in enhancing his sentence under § 2L1.2.

Mr. Hernandez-Bustamonte next claims the district court improperly assessed a criminal history point for his burglary conviction. He argues the burglary and related assault should not be considered because they are based on a domestic dispute with his ex-wife. However, the record shows, and his counsel acknowledges, the Probation Officer demonstrated the assessment's merit at the sentencing hearing and Mr. Hernandez-Bustamonte made no further objection and accepted the one point-assessment. Because he failed to challenge the presentencing report on this conviction at the sentencing hearing, Mr. Hernandez-Bustamonte waived his right to challenge the assessment of a criminal history point, absent a demonstration of plain error. *United States v. Saucedo,* 950 F.2d 1508, 1518 (10th Cir. 1991). On appeal, Mr. Hernandez-Bustamonte has made no

-3-

such showing of error, and therefore, we conclude the district court properly applied a criminal point for the burglary conviction.

Finally, Mr. Hernandez-Bustamonte claims violation of his constitutional rights under 18 U.S.C. § 3161(b), because his indictment for re-entry into the United States as an alien occurred thirty days after his initial arrest for distribution of a controlled substance. We review *de novo* compliance with the requirements of the Speedy Trial Act, including § 3161. *United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998). Section 3161(b) of the Act requires an indictment be filed within thirty days from the date of the individual's arrest. 18 U.S.C. § 1361(b).

On review of the record, we note that state authorities arrested Mr. Hernandez-Bustamonte on January 4, 1998 for distribution of a controlled substance. However, his arrest for this drug matter is unrelated to his illegal re-entry violation and does not trigger the period during which the indictment for his illegal re-entry must occur. Rather, authorities did not learn of Mr. Hernandez-Bustamonte's illegal re-entry status until he admitted to it on February 6, 1998. Based on his admission and the results of a preliminary investigation, a grand jury issued an indictment against Mr. Hernandez-Bustamonte on February 11, 1998,

for violation of 8 U.S.C. § 1326. The Immigration and Naturalization Service then filed a detainer against Mr. Hernandez-Bustamonte on February 18, 1998. Thus, the indictment occurred five days after admission and discovery of his illegal alien status and six days prior to issuance of the detainer. No violation of 18 U.S.C. § 3161(b) occurred.

For these reasons, Mr. Hernandez-Bustamonte's conviction and sentence are **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge