**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE ALBERTO NAVARRETTE-
DOMINGUEZ, aka Carlos Salinas-
Lopez,

      Defendant-Appellant.

No. 00-4033

(D.C. No. 99-CR-610)

(D.Utah)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **EBEL** and **BRISCOE,** Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

    Defendant Jose Alberto Navarrette-Dominguez appeals his prison sentence

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of eighty months after his plea of guilty to reentry of a deported alien. See 8 U.S.C. § 1336. Defendant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 728 (1967), challenging the sentence enhancements. Defendant has filed a supplemental pro se brief contending that his criminal history was miscalculated, that he was entitled to a reduction in sentence, that use of his criminal history to enhance his sentence violated the ex post facto clause, and that the enhancements violated Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We affirm.

Defendant was indicted by grand jury of one count of illegal reentry of a deported alien on October 27, 1999. The government filed a notice of sentencing enhancement based on defendant's prior conviction of an aggravated felony. On January 21, 2000, defendant entered into a plea agreement whereby he agreed to plead guilty to the charge and the government agreed to recommend that he be sentenced at the low end of the applicable sentence guideline range and receive credit for acceptance of responsibility. The presentence report found a total offense level of 21 and a criminal history category of VI and stated the applicable guideline range of imprisonment was 77-96 months. The district court adopted the findings in the presentence report and sentenced defendant to 80 months' imprisonment.

The base offense level for reentry of a deported alien is eight. Since defendant was previously deported after conviction of an aggravated felony, the base offense level was increased by sixteen levels, for a total of twenty-four. U.S.S.G. § 2L1.2. The presentence report recommended a three-level reduction for acceptance of responsibility, which the district court adopted, setting defendant's offense level at twenty-one. Defendant's criminal history included twenty-two convictions, primarily for theft and public intoxication. These prior convictions resulted in a total of fifteen criminal history points. Two points were added to defendant's criminal history since the present crime was committed within two years of release from confinement. Defendant's criminal history score of seventeen placed him in category VI, the highest criminal history category. U.S.S.G. § 5A.

Defendant argues the court erred in calculating his criminal history points because most of his prior crimes were misdemeanors. However, the only convictions for which he received points were burglary of a motor vehicle, burglary of a building, petty theft, and deported alien found in the United States. He received no points for most of his misdemeanor convictions. Defendant does not indicate which of the calculated points are in error. All of the points were calculated correctly under U.S.S.G. § 4A1.1(a), (c). He received three points

each for his burglary and reentry convictions, all of which constituted prior sentences exceeding thirteen months. § 4A1.1(a). He received one point each for the petty theft convictions. § 4A1.1(c). Even if the district court had not counted the petty theft convictions, which were misdemeanors, he would have a criminal history score of fourteen and he would still be placed in category VI. The district court did not err in sentencing defendant to eighty months' imprisonment, which is at the lower end of the applicable guideline range.

Sentence reductions

Defendant argues he was entitled to sentence reductions for agreeing to reinstatement of a prior order of deportation, agreeing to be deported, and waiving his right to an immigration hearing. This argument is not properly preserved for appeal. Defendant did not argue for a downward departure on these bases at his sentencing hearing, and he did not object to the recommendation in the presentence report. The argument also fails on its merits. "So long as the defendant's base sentence is properly within the guideline range and there is no upward departure, the defendant has no right to appeal the court's refusal to depart downward." United States v. Castillo, 140 F.3d 874, 888 (10th Cir. 1998). The district court did not depart upward. The decision to depart downward is a matter left to the discretion of the district court and is not appealable. See id.

## Ex post facto clause

Defendant argues the use of his past criminal convictions as a sentence enhancement violates the ex post facto clause. This court has rejected this argument in the context of the felony enhancement applied to defendant. See, e.g., United States v. Cabrera-Sosa, 81 F.3d 998 (10th Cir. 1996); United States v. Gerber, 24 F.3d 93, 96 (10th Cir. 1994). The relevant time frame for determining an ex post facto problem is when defendant committed the crime of reentry as that is the crime for which he has been sentenced. See Cabrera-Sosa, 81 F.3d at 1001. Defendant reentered the United States sometime between March and October 1999. The felony enhancement was law before 1999 so there is no ex post facto clause violation. See id. (noting that felony enhancement was unambiguous in 1992). Additionally, use of prior criminal convictions as sentence enhancements in general was law prior to defendant's reentry. As defendant was not subjected to any change in laws that took place after his crime was committed, the ex post facto clause is not applicable.

## Apprendi

Defendant also argues the factual basis for any enhancement of his sentence must be found by a jury after proof beyond a reasonable doubt as provided in Apprendi v. New Jersey. However, the Supreme Court in Apprendi held that enhancements based on prior convictions do not need to be in the

indictment or proved beyond a reasonable doubt – they are an exception to the Apprendi doctrine.  See id., 120 S. Ct. at 2362.  All of the enhancements in this case were based upon defendant's history of criminal convictions.  Therefore, Apprendi is not applicable.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge