F I L E D
United States Court of Appeals
Tenth Circuit

DEC 11 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SAMUEL ABINADI ALFARO-
ANTONIO,

      Defendant-Appellant.

No. 02-4184
(D.C. No. 2:01-CR-545-01-B)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner Samuel Abinadi Alfaro-Antonio appeals the sentence arising

from his conviction for illegal reentry after deportation. The district court applied

a sentencing enhancement for his prior commission of a felony crime of violence

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R.36.3.

pursuant to the version of the United States Sentencing Guidelines in effect at the time of Mr. Alfaro-Antonio's sentencing. Mr. Alfaro-Antonio and the government agree that applying that version of the guidelines violated the Ex Post Facto Clause because it resulted in a higher base offense level than that required by the guidelines at the time the offense was committed. The parties are correct and therefore we vacate the sentence and judgment in this matter and remand for resentencing.

Mr. Alfaro-Antonio's underlying offense was a 1998 Utah state court felony conviction for attempted forcible sex abuse. He was sentenced to probation, served thirty days in jail, and was deported. In 2001, he was found in the United States and pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. The Utah court revoked his probation and sentenced him to zero to five years in prison. The court then suspended that sentence, reinstated probation, and ordered Mr. Alfaro-Antonio to serve 365 days in jail.

In September 2002, at the sentencing proceedings for Mr. Alfaro-Antonio's illegal reentry charge, the district court imposed a sixteen-level enhancement based on the underlying Utah conviction. Under the 2001 guidelines, the enhancement was appropriate because the underlying crime was a felony "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii).

However, the 2000 guidelines were operative at the time Mr. Alfaro-

Antonio illegally reentered the country in July 2001. Under the 2000 guidelines, he would have been subject to the sixteen-level enhancement only if he had been deported after having been convicted of an aggravated felony. An aggravated felony is "a crime of violence . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F) (footnote omitted). Mr. Alfaro-Antonio's underlying conviction did not meet this definition until he was sentenced to a suspended prison term of zero to five years following his illegal reentry. Because his underlying conviction was not an aggravated felony, it cannot serve as a predicate conviction for a sixteen-level enhancement under the 2000 guidelines' version of section 2L1.2. *See United States v. Martinez-Villalva*, 232 F.3d 1329, 1333 (10th Cir. 2000) (noting parties' agreement that legal effect of state court's probation sentence was not an aggravated felony under federal law); *United States v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000) (per curiam) (when defendant is placed on probation and has not been sentenced to a prison term at time of deportation and reentry, "aggravated felony" enhancement does not apply); *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999) ("when a court . . . imposes probation directly, the conviction is not an 'aggravated felony'").

In *Miller v. Florida*, 482 U.S. 423 (1987), the Supreme Court held that the Ex Post Facto Clause prevents a court from applying an amended version of a

sentencing guideline that was not yet in effect when the defendant committed the crime, if doing so would disadvantage the defendant. *Id.* at 430-33. We have followed this test repeatedly. *See United States v. Cabrera-Sosa*, 81 F.3d 998, 1001 (10th Cir. 1996); *United States v. Underwood*, 938 F.2d 1086, 1090 (10th Cir. 1991). *See also United States v. Orr*, 68 F.3d 1247, 1252-53 (10th Cir. 1995) (remanding for resentencing under guidelines in effect when crime was committed).

We conclude that the district court's application of the 2001 guidelines to calculate Mr. Alfaro-Antonio's sentence violated the Ex Post Facto Clause of the United States Constitution. The sixteen-level enhancement applicable under that version of the guidelines was not in effect at the time Mr. Alfaro-Antonio reentered the country illegally, and it disadvantaged him with regard to his sentence. We therefore **VACATE** his sentence and judgment, and **REMAND** to the district court for resentencing.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-