**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JUAN CARLOS RAMIREZ-MUNOZ,

  Defendant-Appellant.

No. 05-4095

(D. Utah)

(D.C. No. 04-CR-684-DAK)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On December 10, 2004, Juan Carlos Ramirez-Munoz pleaded guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326. He had previously been convicted of an aggravated felony when he was a juvenile. The

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court sentenced him to 46 months' imprisonment and 36 months' supervised release. He directed counsel to appeal his sentence. Mr. Ramirez-Munoz's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting leave to withdraw. We grant counsel's motion to withdraw and dismiss the appeal.

"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If [we] conclude[ ] after such an examination that the appeal is frivolous, [we] may grant counsel's motion to withdraw and may dismiss the appeal." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citations omitted).

Soon after the district court proceedings, Mr. Ramirez-Munoz sent a letter to counsel. He stated: "I feel strongly about the possibility of grounds for an appeal based on inadequate/ineffective counsel, points miscalculation based on juvenile record, possible double je[o]pardy issues along with various other problems in my defense." Aplt's Br., Addendum C.

Initially, we note that Mr. Ramirez-Munoz must pursue a claim of ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("[Ineffective assistance] claims brought on direct appeal are presumptively

-2-

dismissible, and virtually all will be dismissed.").

Counsel's brief developed two possible appellate issues raised in the letter: (1) the use of Mr. Ramirez-Munoz's prior conviction to enhance his § 1326 sentence may have violated the Ex Post Facto Clause or the Double Jeopardy Clause; and (2) the district court may have erred by not granting a downward departure based on cultural assimilation. We find both arguments frivolous. First, an aggravated felony enhancement to a § 1326 offense is not an Ex Post Facto Clause violation. *United States v. Cabrera-Sosa*, 81 F.3d 998, 1001-02 (10th Cir. 1996). In addition, the sixteen-point enhancement was a "stiffened penalty" for his § 1326 violation, rather than "a new jeopardy or additional penalty for the earlier crime[]." *Gryger v. Burke*, 334 U.S. 728, 732 (1948).

Second, the district court characterized Mr. Ramirez-Munoz's case as "sympathetic" but declined to grant a downward departure. Aplt's App. at 31. The court stated that "it doesn't seem to me to be out of the ordinary in terms of the types of cultural assimilation arguments that I have heard and the factors that are generally present." *Id.* "[W]e do not have jurisdiction to review the district court's discretionary decision to deny a downward departure, [but] we have jurisdiction post-*Booker* to review the sentence imposed for reasonableness." *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). A sentence within a properly calculated advisory range is presumptively reasonable, and "[t]his is a deferential standard that [Mr. Ramirez-Munoz] may rebut by

-3-

demonstrating that the sentence is unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). The 46-month sentence, at the bottom of the advisory range, is reasonable. The advisory range was properly calculated, and he has shown no mitigating factors that counsel a lower sentence.

Mr. Ramirez-Munoz filed a letter in response to counsel's *Anders* brief. He claims that the court did not have power to convict him and the United States Attorney did not have power to indict him because the Constitution and Congress only give power to conduct legal proceedings in the name of the "United States"–not the "United States of America." We reject this argument as frivolous.

On May 9, 2006, he also filed a "Motion to File Additional Argument" that challenges whether the district court had jurisdiction over his criminal proceedings and whether the government had standing to bring suit against him. We grant the motion and reject the challenges to jurisdiction and standing as frivolous. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). We deny his request in the motion to allow him thirty days to file any additional arguments after we issue this order.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge