**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ORLANDO MORALES-CERVANTES,
also known as Orlando Morelos-
Cervantes,

    Defendant-Appellant.

No. 03-4159

(D.C. No. 2:03-CR-162-DKW)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Orlando Morales-Cervantes appeals the sentence imposed after his plea

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

of guilty to illegally reentering the United States in violation of 18 U.S.C. § 1326. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court sentenced defendant to a fifteen-month prison term, followed by three years of supervised release. In calculating the appropriate sentence under the guidelines, the court imposed an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (providing if defendant previously was deported after "a conviction for an aggravated felony, increase by 8 levels"). The enhancement was based on the court's conclusion that defendant's prior state felony conviction for possession of methamphetamine constituted an "aggravated felony." His conviction for possession of methamphetamine was a third degree felony under Utah law and he was sentenced to 0-5 years' imprisonment.

The sole question in this case is whether the district court erred in concluding that a state felony conviction for simple possession of a controlled substance is an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). We review the district court's interpretation of the sentencing guidelines de novo. United States v. Holbert, 285 F.3d 1257, 1259 (10th Cir. 2002). The defendant argues possession of a controlled substance should only be treated as an aggravated felony for enhancement purposes if a firearm was involved.

This case is indistinguishable from United States v. Castro-Rocha, 323 F.3d 846 (10th Cir. 2003). In Castro-Rocha, we affirmed the district court's application of

2

§ 2L1.2(b)(1)(C) based on the defendant's prior state conviction for possession of cocaine.  In that case, the defendant argued his "state felony conviction for simple possession of a controlled substance" did not constitute an "aggravated felony."  Id. at 848.  We rejected that argument, concluding "the Sentencing Commission intended that state felony convictions for simple possession qualify for the eight-level enhancement set out in § 2L1.2(b)(1)(C)."  Id. at 851.

Defendant concedes that Castro-Rocha is directly on point but contends it was wrongly decided.  "Under the doctrine of *stare decisis*, this panel cannot overturn the decision of another panel of this court."  United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000).  Therefore, we hold that the district court did not err in applying the eight-level enhancement pursuant to § 2L.1.2(b)(1)(C) based on defendant's prior state conviction for possession of methamphetamine.[1]

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] In the prayer of his brief, defendant requests that this court grant his petition for en banc hearing.  Such a petition has not been filed with the court.  Further, its filing prior to the issuance of this order and judgment would have been premature.  See Fed. R. App. Proc. 35.