**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE MENDIOLA,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,[*]

      Respondent.

No. 04-9612
(Agency No. A92-099-498)
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*] On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eddie Mendiola petitions for review of the Bureau of Immigration Appeals'

(BIA) order affirming the Immigration Judge's (IJ) decision ordering him

removed under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an

aggravated-felony drug-trafficking offense as defined by 8 U.S.C.

§ 1101(a)(43)(B). Mr. Mendiola argues that (1) Ninth Circuit, not Tenth Circuit,

law should decide the deportation issues in this case, because in the Ninth Circuit,

where he was twice convicted of possession of a controlled substance, he would

not be classified as an aggravated felon; (2) his motion for a change of venue to

the Ninth Circuit should have been granted; and (3) the IJ improperly relied on an

indictment and a probation violation to prove his conviction. Our recent decision

in *Ballesteros v. Ashcroft*, No. 04-9528, 2006 WL 1633739 (10th Cir. June 14,

2006), guides our resolution of the choice-of-law and venue claims. Based on

*Ballesteros*, we conclude the choice-of-law claim lacks merit and we have no

jurisdiction to consider the venue claim. Also, we conclude that we have no

jurisdiction to review the unexhausted proof-of-conviction claim. Accordingly,

we dismiss the petition for review in part for lack of jurisdiction and deny the

remainder of the petition for lack of merit.

I.

Mr. Mendiola is a native and citizen of Peru. He became a lawful

permanent resident on April 28, 1989. On July 30, 1996, he was convicted in

California state court of misdemeanor possession of steroids in violation of Cal.

-2-

Health & Safety Code § 11377(a). On August 7, 2000, he was convicted in California state court under the same statute of felony possession of steroids. After being convicted of being an accessory to a felony in Idaho state court in September 2003, Mr. Mendiola was detained by immigration officials and transferred to the immigration detention facility in Aurora, Colorado. Thereafter, the Department of Homeland Security (DHS) commenced removal proceedings on the ground that Mr. Mendiola was an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) (defining aggravated felony as including a drug-trafficking crime); 8 U.S.C. §1227(a)(2)(A)(iii) (removability).

Mr. Mendiola moved for a change of venue from the Tenth Circuit to the Ninth Circuit, asserting that he had no nexus to Colorado and that allowing the case to continue in the conservative Tenth Circuit would allow the DHS to venue shop in similar cases. He also asserted, in another motion, that Ninth Circuit law should apply to determine whether he had an aggravated-felony conviction.

The IJ denied a change of venue and applied Tenth Circuit law, finding that Mr. Mendiola was removable as an aggravated felon based on the felony steroid conviction, which is a drug trafficking crime, and ordered that he be removed to Peru. The BIA affirmed the IJ's decision and dismissed Mr. Mendiola's appeal. In doing so, the BIA first decided that the IJ properly applied Tenth Circuit law, because an IJ must apply the law of the IJ's circuit and because "there is no reason to believe that the Tenth Circuit would apply Ninth Circuit law to

determine [Mr. Mendiola's] removability simply because [his] criminal conviction occurred within the territorial jurisdiction of the Ninth Circuit." R. at 2-3 (citing *United States v. Castro-Rocha*, 323 F.3d 846 (10th Cir. 2003); *Tapia-Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001); and *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir. 1996), which all applied Tenth Circuit law when deciding if conviction in state outside Tenth Circuit constituted aggravated felony). In addition, the BIA decided that the IJ correctly found that Mr. Mendiola's felony steroid conviction was a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) and therefore an aggravated felony under § 1101(a)(43)(B). *R.* at 3. The BIA recognized that "[t]he Tenth Circuit has consistently held that a state drug offense qualifies as a drug trafficking aggravated felony if it is punishable under federal narcotics law and classified as a felony in the convicting jurisdiction." *Id.* (citing *Castro-Rocha*, 323 F.3d 846; *United States v. Valenzuela-Escalante*, 130 F.3d 944, 946 (10th Cir. 1997); *Cabrera-Sosa*, 81 F.3d 998). Because Mr. Mendiola did not contest the IJ's finding that possession of steroids violates federal narcotics law (21 U.S.C. § 844(a)) and because California classified the second steroid conviction as a felony, the BIA agreed with the IJ that Mr. Mendiola was an aggravated felon, ineligible for relief from removal. R. at 3. Mr. Mendiola now petitions for review of the BIA's decision.

II.

The government filed a motion to dismiss this petition for review for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C), based on Mr. Mendiola's conviction for an aggravated felony. Under § 1252(a)(2)(C), we have no jurisdiction to review discretionary decisions or a final order of removal against an alien who was convicted of an aggravated felony under § 1227(a)(2)(A)(ii). But there are two exceptions. First, "in reviewing final orders of removal for aggravated felonies, [we] have jurisdiction . . . to determine whether the jurisdictional bar applies." *Ballesteros*, 2006 WL 1633739, at *2 (quotation omitted). We "may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute." *Id.* (quotations omitted). Thus, we have jurisdiction to review any claims that Mr. Mendiola's felony steroid conviction is not a conviction warranting removal without relief. Additionally, we have jurisdiction to review constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D); *see also Ballesteros*, 2006 WL 1633739, at *2 (discussing review of legal and constitutional claims). We review all legal questions de novo. *See Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 884 (10th Cir. 2005), *aff'd*, 126 S. Ct. 2422 (2006).

III.

A.

Mr. Mendiola argues that his prior convictions should not subject him to removal without relief. Specifically, he contends that Ninth Circuit law should determine his removability because he was convicted of the felony-steroid offense in California state court and he relied on the application of Ninth Circuit deportation law when he pled guilty. If Ninth Circuit law applies, he believes that he is entitled to relief from his removal order.

It is settled that "an alien has no legal right to have removal proceedings commenced against him in a particular place, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." *Ballesteros*, 2006 WL 1633739, at \*3 (quotations and citation omitted). "We routinely apply Tenth Circuit law to determine whether a conviction from another jurisdiction constitutes an aggravated felony or controlled substance offense." *Id*. Consequently, the IJ and BIA properly applied Tenth Circuit law to hold that Mr. Mendiola's California convictions required his removal. *See id*.

Mr. Mendiola's reliance argument does not convince us that Ninth Circuit law should apply. Mr. Mendiola argues that he pled guilty based on Ninth Circuit law and anticipated no immigration consequences for the plea, including removal for drug trafficking. To prevail on this claim, he must show that he relied on Ninth Circuit law when he entered into his plea agreement. He argues that in the

-6-

Ninth Circuit he would not be deported because that court would have found that simple felony possession is not an aggravated felony for deportation purposes because it would have been a misdemeanor under 21 U.S.C. § 844(a) if prosecuted in federal court. Aplt. Br. at 11. To support his argument, Mr. Mendiola cites *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 910, 912 (9th Cir. 2004), which held that a state-felony drug offense is an aggravated felony for immigration purposes if the offense includes a drug-trafficking element or is punishable as a felony under federal drug laws. This decision, however, was entered after Mr. Mendiola pled guilty in 2000. In addition, it established new law in the Ninth Circuit. Thus, Mr. Mendiola cannot have relied on *Cazarez-Gutierrez* at the time he pled guilty. Further, there is no evidence in the administrative record showing that Mr. Mendiola accepted the plea "conditioned on the plea's inability to affect his immigration status." *Ballesteros*, 2006 WL 1633739, at *4. His bare allegations of reliance are insufficient to show evidence of reliance.

B.

Mr. Mendiola further argues that venue was proper in the Ninth Circuit. He contends the government engaged in forum shopping by selecting the Tenth Circuit and therefore denied him due process and equal protection. Also, he contends that if venue were in the Ninth Circuit he would have had greater opportunities to defend himself, because family and friends could have testified

on his behalf, the Ninth Circuit would have been familiar with local laws, and fairness concerns would have been satisfied.

The IJ has discretion to deny a request for a change of venue. *See* 8 C.F.R. § 1003.20(b) (providing that IJ "for good cause, may change venue only upon motion by one of the parties); *see also Ballesteros*, 2006 WL 1633739, at *5 ("This regulation gives the immigration judge complete discretion, even to the extent that the immigration judge may still deny the [] change of venue motion when good cause is present."). Consequently, we lack jurisdiction to review the denial of a change of venue unless Mr. Mendiola raises a constitutional or legal question. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Ballesteros*, 2006 WL 1633739, at *5.

Mr. Mendiola's venue claims primarily focus on matters of convenience, which are neither constitutional nor legal claims. *See Ballesteros*, 2006 WL 1633739, at *6. His bare assertion that the denial of a change of venue resulted in a denial of due process and equal protection is undeveloped. Mr. Mendiola may not turn an abuse-of-discretion argument into a constitutional argument without a colorable constitutional claim. *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1293 (10th Cir. 2001) (holding that petitioner's "failure to receive discretionary relief does not . . . rise to a constitutionally protected interest").[1] He has not argued

---

[1] Furthermore, Mr. Mendiola has no constitutional right to remain in the United States. *See Schroeck v. Gonzales*, 429 F.3d 947, 951-52 (10th Cir. 2005). He is "entitled only to procedural due process, which provides the opportunity to
(continued...)

that he did not have an opportunity to present his case; he argued only that proceedings in the Tenth Circuit were not convenient. Because Mr. Mendiola's venue claim does not present either a legal or constitutional question, we lack jurisdiction to review the discretionary ruling under § 1252(a)(2)(B)(ii).

C.

Next, Mr. Mendiola argues that the IJ erred in considering and relying upon the indictment and probation violation provided by the government to prove his conviction when those documents allegedly fail to provide clear proof of a drug-offense conviction. Mr. Mendiola did not sufficiently raise this issue before the BIA. He merely argued before the BIA that the government had the burden to prove removability and that, in meeting its burden, the government was limited to the conviction record. R. at 13; *see also id.* at 23 (suggesting IJ failed to "protect" Mr. Mendiola "from criminal charging documents that preceded the conviction"). Thus, he failed to make the specific argument he now makes on appeal. As such, this claim is unexhausted, and we have no jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1)*; Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

---

[1](...continued)
be heard at a meaningful time and in a meaningful manner." *Id.* at 952 (quotations omitted).

IV.

Finally, Mr. Mendiola requests that we transfer this case to the district court for habeas corpus proceedings, if it is appropriate to do so. No authority permits such a transfer. Under the circumstances of this case, district courts no longer have jurisdiction over habeas proceedings that challenge removal orders; jurisdiction over final orders of removal now lies exclusively in a court of appeals pursuant to a petition for review. *See* 8 U.S.C. § 1252(a)(1), (5); *Kamara v. Attorney Gen.*, 420 F.3d 202, 209 (3d Cir. 2005). *But cf.* 8 U.S.C. § 1252(e) (setting forth exception concerning habeas proceedings under 8 U.S.C. § 1225(b)(1) for expedited removal).

The government's motion to dismiss is granted in part and denied in part. To the extent we lack jurisdiction, we DISMISS the petition for review. To the extent we have jurisdiction, we DENY the petition for review.

Entered for the Court

John C. Porfilio
Circuit Judge

-10-