[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 22, 2007
THOMAS K. KAHN
CLERK

No. 05-16641
Non-Argument Calendar

_____

D. C. Docket No. 94-00025-CR-T

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LEE TRAMMELL, JR.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 22, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant James Lee Trammell, Jr., appeals his 156-month sentence and 5-

year term of supervised release for drug trafficking offenses, in violation of 21

U.S.C. §§ 841(a)(1) and 846, and firearms offenses, in violation of 18 U.S.C. § 922(a)(6) and (n), imposed upon resentencing. At resentencing,[1] the district court applied a two-level firearm enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because Trammell's co-conspirators used firearms in furtherance of a drug trafficking conspiracy, and that use was reasonably foreseeable to Trammell. Subsequently, Trammell was released from prison and now is serving his term of supervised release.

Although Trammell contends in his brief that this case is moot, the government disagrees because the record contains no indication that the district court would necessarily deny a motion for early termination of supervised release, if we determine in this appeal that Trammell's sentence was excessive.

After reviewing the record and reading the parties' briefs, we agree with the government that the sentencing issue raised in Trammell's appeal is not moot because Trammell is still serving a term of supervised release, which the district court could modify or terminate if Trammell is successful in this appeal. *See*

---

[1]In an earlier appeal, we affirmed Trammell's conviction and sentence. *United States v. Trammell*, 107 F.3d 23 (11th Cir. 1997). In a subsequent section 2255 motion, however, Trammell successfully argued that his counsel was ineffective for failing to challenge on appeal the quantity of cocaine attributable to him at sentencing, and for failing to challenge the timeliness of the government's notice of its intent to rely upon prior felony drug convictions for enhancement purposes. As a result, Trammell's sentences as to the conspiracy and distribution counts (counts 1 and 24) were vacated.

2

*Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir. 1995); *United States v. Page*, 69 F.3d 482, 487 n. 4 (11th Cir. 1995); *United States v. Castro-Rocha*, 323 F.3d 846, 847 n. 1 (10th Cir. 2003). Because we conclude that this case is not moot, we must address the merits of Trammell's appeal.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir.), *cert. denied*, 126 S. Ct. 812 (2005).

The record in this case demonstrates that at resentencing, the district court agreed with the government's contention that co-conspirator McCauley's conviction for using and carrying a firearm during and in connection with a drug trafficking crime was sufficient to warrant the two-point enhancement against Trammel pursuant to U.S.S.G. § 2D1.1(b)(1). Specifically, the district court found that the facts presented at trial met this court's requirements for the enhancement because (1) McCauley was a co-conspirator; (2) McCauley's possession of a firearm was in furtherance of the conspiracy; (3) Trammell was a member of the conspiracy at the time of possession; and (4) McCauley's possession was reasonably foreseeable by Trammell. *United States v. Trammell*, 385 F. Supp. 2d 1215, 1227-28 (M.D. Ala. 2005) (citing *United States v. Gallo*, 195 F.3d 1278,

1284 (11th Cir 1999)).

We conclude from the record that Trammell has not presented any facts that could undermine the district court's finding that a preponderance of the evidence supported the enhancement, a factual finding that must be accepted unless clearly erroneous. *United States v. Jordi*, 418 F.3d at 1214. Accordingly, we affirm the district court's application of the sentencing enhancement.

**AFFIRMED.**