**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR SOLANO-CUESTA,

Defendant-Appellant.

No. 05-2067

(D. New Mexico)

(D.C. No. 04-1957 JH)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

## I. INTRODUCTION

Victor Solano-Cuesta pleaded guilty to illegally reentering the United States after having been previously deported following an aggravated felony conviction. 8 U.S.C. § 1326(a), (b)(2). On appeal, Solano-Cuesta asserts his sentence is unreasonable both because (1) the district court failed to adequately analyze on the record the sentencing factors set out in 18 U.S.C. § 3553(a); and (2) the sentence the district court ultimately imposed is unduly harsh when

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

measured against those same § 3553(a) factors. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we reject Solano-Cuesta's assertions of error and **affirm** the sentence imposed by the district court.

## II. BACKGROUND

Solano-Cuesta is a citizen of Mexico. At age five, he came with his mother to Amarillo, Texas. In 2002, Solano-Cuesta pleaded guilty in Texas state court to unauthorized use of a motor vehicle. While on probation for that conviction, Solano-Cuesta pleaded guilty in Texas state court to possession of a controlled substance. Solano-Cuesta was sentenced to fourteen months' incarceration for the drug-possession conviction; at the same time, Solano-Cuesta's probation on the unauthorized-use-of-a-motor-vehicle conviction was revoked and he was sentenced to eighteen months' incarceration. On August 8, 2003, Solano-Cuesta was released from incarceration and transferred to the immigration authorities; he was deported to Mexico on August 27, 2003.

A few month later, in October of 2003, United State Border Patrol agents arrested Solano-Cuesta near Deming, New Mexico; he was charged by information with illegal reentry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2). Solano-Cuesta pleaded guilty to the charges. The presentence report ("PSR") assigned a base offense level of eight to Solano-Cuesta's conviction pursuant to U.S.S.G. § 2L1.2(a). It

then assigned an eight-level enhancement pursuant to § 2L1.2(b)(1)(C) because Solano-Cuesta had previously been convicted of an aggravated felony and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1. Solano-Cuesta's adjusted offense level was thus thirteen.

In calculating Solano-Cuesta's criminal history, the PSR included the following convictions: In August 2002, Solano-Cuesta was convicted of possession of a controlled substance and sentenced to fourteen months' imprisonment for that conviction. He received three criminal history points for that conviction. Solano-Cuesta had been sentenced to probation in January 2002 for unauthorized use of a motor vehicle; his probation was revoked after his possession conviction, and he was sentenced to a concurrent eighteen months' imprisonment. Solano-Cuesta was assessed three criminal history points for this conviction. Pursuant to U.S.S.G. § 4A1.1, Solano-Cuesta was assessed an additional two criminal history points because he was released from custody for a prior offense less than two years before the conviction forming the basis of this appeal. In total, then, Solano-Cuesta was assessed eight criminal history points, corresponding to a criminal history category IV. With a criminal history category IV and an adjusted offense level of thirteen, his Guideline sentencing range was twenty-four to thirty months.

At the sentencing hearing, which occurred after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Solano-Cuesta's

counsel reminded the district court that it was required to consider the 18 U.S.C. § 3553(a) factors and argued that each of those factors weighed in favor of a sentence below the guideline range. In particular, Solano-Cuesta's counsel argued as follows: (1) Solano-Cuesta has lived in the United States since the age of five; (2) Solano-Cuesta's extensive juvenile record was at least partially attributable to the absence of his father; (3) although properly calculated, the criminal history score assigned to him by the PSR overstated his criminal history; (4) the penalties attributed to illegal reentry crimes by the Guidelines were unduly harsh in light of the nature of the crime and such harsh sentences were unnecessary to protect the public. In response, the government argued that Solano-Cuesta's crime was a serious one and that the proper measure of that seriousness was Solano-Cuesta's criminal history. The government noted that, as set out at length in the PSR, Solano-Cuesta had an extensive history of criminal conduct from the time he was thirteen. None of his juvenile criminal conduct was captured in the criminal history score. With that in mind, the government concluded its argument as follows:

> And so I would argue, Judge, that the term of 24 months is appropriate in this case. [Solano-Cuesta's counsel] indicated that the Sentencing Commission talked about the sometime inaccuracy of determining whether somebody is likely to reoffend. And when looking across hundreds of thousands of defendants, sure they are going to be inaccurate sometimes, but with this defendant I would say that his history clearly shows his likelihood to reoffend because he has reoffended over and over and over again. And so as to this

defendant, I would strongly suggest that a term within the guideline range is reasonable.

After listening to the parties' arguments, the district court imposed a sentence of twenty-four months, stating as follows: "The Court adopts the [PSR] factual findings. The Court has also considered the guidelines applications and the factors set out in 18 U.S.C. § 3553. The offense level is 13 and the criminal history category is four. The guideline imprisonment range is 24 to 30 months. . . . [T]he defendant . . . is committed to the custody of the Bureau of Prisons for a term of two years." Immediately thereafter, the district court asked the parties if there was any "reason why the sentence should not be imposed as ordered"; Solano-Cuesta did not raise any objection to the district court's failure to specifically explain its sentence by reference to the factors set out in § 3553(a). Solano-Cuesta then filed this timely appeal challenging his sentence.


**DISCUSSION**

According to *Booker*, this court reviews "sentences imposed by the district court for reasonableness." *United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006). Reasonableness review entails a consideration of whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (per curiam). When a

sentence falls within the properly-calculated Guidelines range, it is "entitled to a rebuttable presumption of reasonableness." *Galarza-Payan*, 441 F.3d at 889 (quotation omitted).

In this case, Solano-Cuesta does not challenge the district court's application of the Guidelines. Instead, he argues only that his twenty-four-month sentence is unreasonable, even though it is at the bottom of the advisory Guideline range (a substantive reasonableness claim), and that his sentence is procedurally unreasonable because the district court failed to consider his arguments that the § 3553(a) factors warranted a below-Guideline sentence (a procedural reasonableness claim). Because Solano-Cuesta's contentions are without merit, we **affirm** the district court.[1]

Solano-Cuesta's procedural reasonableness claim is resolved by this court's recent decision in *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199-1203 (10th Cir. 2007). Because Solano-Cuesta did not object to the "procedure by which his sentence was determined and explained, we may reverse the district

---

[1]After learning Solano-Cuesta had completed his term of incarceration, this court issued to the parties an order to show cause why this appeal should not be dismissed as moot. In their respective responses, the parties indicated the appeal was not moot because Solano-Cuesta was still serving a term of supervised release and if he were to prevail on his sentencing-length appeal, the district court could provide effective relief on remand by shortening his term of supervised release. *United States v. Castro-Rocha*, 323 F.3d 846, 847 n.1 (10th Cir. 2003). For those reasons recognized by the parties, this court agrees this appeal is not moot.

court's judgment only in the presence of plain error." *Id.* at 1199. "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness integrity, or public reputation of judicial proceedings." *Id.* Solano-Cuesta's procedural reasonableness claim fails at the first step of the plain error analysis. *Ruiz-Terrazas* specifically held that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *Id.* at 1202. As was the case in *Ruiz-Terrazas*, the district court here entertained extensive arguments relating to the § 3553(a) factors, specifically noted it had considered Solano-Cuesta's arguments for a below-Guidelines sentence, indicated on the record that it had considered the § 3553(a) factors, and ultimately imposed a sentence within the properly calculated Guidelines range. *See id.* 1202-03. Thus, the process employed by the district court in imposing sentence on Solano-Cuesta in this case was reasonable.

For many of the same reasons he advanced before the district court in requesting a sentence below the range set out in the Guidelines, Solano-Cuesta asserts the sentence ultimately imposed by the district court is substantively unreasonable. Because the district court imposed a sentence within the range set out in the properly calculated advisory Guidelines range, the district court's sentence is "entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054. Solano-Cuesta has failed to rebut that presumption.

At their base, Solano-Cuesta's arguments for a below-Guidelines sentence amount to a claim that Guidelines relating to illegal reentry overemphasize his criminal history, thereby leading to a sentence (1) more severe than necessary to deter criminal conduct and protect the public and (2) harsher than given to defendants with similar records convicted of other types of crimes. Solano-Cuesta's arguments are wrong both as a matter of fact and of law. The record in this case reveals Solano-Cuesta has a long history of criminal activity in the form of juvenile delinquent acts, none of which was counted in calculating his criminal history score. As noted by the government at the sentencing hearing, this history demonstrates Solano-Cuesta has a high likelihood of repeatedly reoffending, a factor strongly favoring a longer sentence over a shorter one. Furthermore, this court in *Ruiz-Terrazas* specifically rejected the very argument now advanced by Solano-Cuesta, holding as follows:

> Ruiz-Terrazas argues that use of his prior criminal history to calculate both his criminal history category and his offense level was improper double counting. . . . [T]he Guidelines expressly state in commentary to Section 2L1.2 that, in computing a defendant's criminal history category, a "conviction taken into account [in calculating an offense level enhancement] is not excluded from consideration of whether that conviction receives criminal history points." U.S.S.G. § 2L1.2 cmt. 6. And we have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it.

2007 WL 5706034, at *6.[2]

## CONCLUSION

For those reasons set out above, this court concludes Solano-Cuesta's sentence is both procedurally and substantively reasonable. Accordingly, the sentence imposed by the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]Even setting aside *Kristl*'s presumption of reasonableness and considering Solano-Cuesta's sentencing arguments anew in light of the § 3553(a) factors, we would still conclude the sentence imposed by the district court is reasonable. Solano-Cuesta's illegal reentry only a few short months after his deportation and extensive criminal history fully support a sentence of twenty-four months' incarceration.