**F I L E D**

**PUBLISH**

**December 27, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN DE DIOS
GONZALEZ-GONZALEZ,

              Petitioner - Appellee,

v.

SCOTT WEBER, U.S. Bureau of
Immigration and Customs Enforcement
(BICE), Denver, Colorado,

              Respondent - Appellant.

No. 04-1181

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 03-RB-678 (MJW))**

---

Jonathan F. Cohn, Deputy Assistant Attorney General (Peter D. Keisler, Assistant
Attorney General, Civil Division, David M. McConnell, Deputy Director, and Dimple
Gupta, Counsel to the Assistant Attorney General, Civil Division on the briefs), U. S.
Department of Justice, Washington, D.C., for Respondent - Appellant.

Jim Salvator, Lafayette, Colorado, for Petitioner - Appellee.

---

Before **BRISCOE**, **HOLLOWAY** and **MURPHY**, Circuit Judges.

---

**HOLLOWAY**, Circuit Judge.

---

The issue presented in this matter was very recently decided by the Supreme Court in *Lopez v. Gonzales*, 2006 WL 3487031 (S.Ct. Dec. 5, 2006), making it unnecessary for us to delve deeply into the issue and the confusion it had previously created. Because of changes in jurisdiction and procedure that have also intervened, the form of our disposition is nevertheless unfamiliar. Absent those statutory developments, our disposition would have been to affirm the district court's grant of Mr. Gonzalez' petition for habeas corpus relief. Under the current law, we instead convert this proceeding to a petition for review of the underlying administrative order and grant that petition, holding that the agency must grant Mr. Gonzalez the relief ordered by the district court.

**I**

The Bureau of Immigration and Customs Enforcement of the Department of Homeland Security (BICE)[1] appealed from the district court's grant of a petition for habeas corpus relief brought by Mr. Gonzalez. The district court had jurisdiction under the governing law at the time because Gonzalez is an alien under order of removal who raised constitutional challenges that could not be considered in direct review of the agency's order of removal. While this appeal was pending, Congress passed the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 302 (codified in various sections of Title 8, U.S.C. (May 11, 2005)), under which challenges such as this are properly brought

---

[1]The BICE is the successor to the Immigration and Naturalization Service (INS). Because much of the history of this case occurred before the creation of the BICE and the Department of Homeland Security, for convenience we will refer in this opinion to the INS when discussing that history.

as petitions for review in the court of appeals rather than as habeas corpus petitions under 28 U.S.C. § 2241 in the district court. *See Hem v. Maurer*, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006); *Vargas v. Department of Homeland Security*, 451 F.3d 1105, 1107 (10th Cir. 2006). Moreover, this significant jurisdictional change is not limited to petitions brought after its effective date; therefore we convert this pending appeal into a petition for review. *See Schmitt v. Maurer*, 451 F.3d 1092, 1093 (10th Cir. 2006). We conclude that this reasoning applies equally to this matter, in which it is the government that initiated the appeal from the district court's order, as to the conversion of an appeal from an alien, as in *Schmitt*.

The conversion of this pending matter from an appeal of a district court's final order to a petition for review does not change our standard of review, which is *de novo*. *See Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005), *cert. denied,* 126 S.Ct 1362 (2006).

## II

Petitioner Gonzalez entered the country illegally in 1978. In 1986 he was granted temporary lawful residence through a special amnesty program for undocumented agricultural workers. In 1990 he was granted lawful permanent residence. He and his wife have four children who are United States citizens. In 1996 he was arrested and charged in state court with possession of cocaine with intent to distribute. As a result of a plea bargain reached in 1997, Gonzalez was sentenced to probation only. Shortly after sentencing in that case, the INS commenced removal proceedings. Petitioner was ordered

removed to Mexico in 1998, and he appealed to the Bureau of Immigration Appeals (BIA) from that order.

The INS had charged that Gonzalez was removable as an alien convicted of a crime "relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i), and as an alien convicted of an "aggravated felony" (a term which will be discussed *infra*) under 8 U.S.C. § 1227(a)(2)(A)(iii). There is an important difference in the two bases for removal, because an alien removable only for a controlled substance violation may apply for relief in the form of cancellation of the removal order, but one convicted of an aggravated felony cannot. 8 U.S.C. § 1229b(a). The original order by an Administrative Law Judge had held Petitioner removable on the ground that his prior state court conviction had been for an aggravated felony.

While his administrative appeal was pending, Gonzalez went back to the state court and moved to withdraw his guilty plea. He alleged that the plea had not been knowingly entered because his lawyer had failed to advise him of the consequences of the conviction on his immigration status and cited Colorado authority that this is part of counsel's duty. He also alleged that the state trial court had failed in its responsibilities because the judge had also failed to advise him of the collateral consequences of his plea.

The motion to withdraw the guilty plea was resolved by a new plea agreement providing that the previous counts would be dismissed, and that Gonzalez would plead guilty to a newly filed charge of simple possession. Gonzalez believed (not entirely without reason) that simple possession was not an "aggravated felony" for purposes of the

immigration laws and so he would become eligible to apply for cancellation of removal. But the issue was, until its recent resolution by the Supreme Court in *Lopez v. Gonzales*, the cause of much confusion in the courts and the BIA.

The new state court conviction was entered in May 1999. Gonzalez then filed in the pending BIA proceeding a motion to remand to the ALJ because he was no longer deportable for an aggravated felony. However, the BIA did not act on this motion for three years.

Gonzalez' successful effort in state court to withdraw his plea to possession with intent to distribute and to have his conviction reduced to one for simple possession was motivated by the fact that the BIA had, at least since 1995, taken the position that simple possession crimes were not aggravated felonies for purposes of a determination under 8 U.S.C § 1229b(a) of eligibility to apply for cancellation of removal. *See In re L.G.*, 21 I. & N. Dec. 89 (BIA 1995). In 1999, the BIA re-affirmed that view, *see In re K-V-D*, 22 I. & N. Dec. 1163 (BIA 1999) (*en banc*), in spite of the fact that several circuits, including this one, had ruled that a drug possession crime which is a felony under state law, even when it would have been only a misdemeanor under federal law, is an aggravated felony, *see United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir. 1996).[2]

Then, in 2002, with petitioner's appeal and motion to remand still pending before

---

[2]That ruling came in a decision applying the United States Sentencing Guidelines, not in an immigration matter. The divergence that once existed in some circuits on the issue, depending on whether the issue arose in an immigration context or under the Guidelines, now seems untenable. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004).

the BIA, that body in another case reversed its precedent and decided that state felony convictions for simple possession were to be treated as aggravated felonies (except in those circuits that had held to the contrary). *In re Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002). Soon after that, and in apparent conflict with that decision, the BIA finally granted petitioner's motion to remand. Petitioner's victory was short lived, however, as the agency moved for reconsideration, and in 2003 the BIA withdrew its prior order and dismissed petitioner's appeal.

Gonzalez then filed his habeas petition in the district court. The district judge granted the petition, finding that the BIA had violated petitioner's due process rights by retroactively applying to his conviction its 2002 decision that the simple possession conviction was an aggravated felony. The judge's opinion relied mainly on *INS v. St. Cyr*, 533 U.S. 289 (2001). The relief ordered was that Gonzalez be permitted to apply for cancellation of removal and that his conviction not be treated as an aggravated felony. The government moved for reconsideration, which was denied. The government then brought this appeal which, as noted, we have converted to a petition for review.

**III**

The series of cross-definitions which had to be traversed in resolving the question of statutory construction underlying this matter led many courts, including this court, to conclude that a state court conviction for a drug offense which would have been only a misdemeanor under federal criminal law could also, in a different context, constitute an aggravated felony under federal law. This certainly seemed on its face to be an anomaly;

after all, in ordinary legal usage the terms "misdemeanor," "felony," and "aggravated felony" describe a progression of increasing severity of offenses. Nevertheless, Congress could, no doubt, define terms in different contexts in ways that lead to an incongruity like this. The question was not whether Congress could do so, but whether it had in fact done so. That question now has a definitive answer that controls this appeal.

Under the Immigration and Nationality Act, as amended, the term "aggravated felony" includes, *inter alia*, "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Under the cross-referenced provision, 18 U.S.C. § 924(c)(2), a "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act . . . ." This phrase, "punishable under the Controlled Substances Act," had been given two competing interpretations in the federal courts. We need not trace the outlines of this debate here. Several courts have done so previously, and the most complete discussion is probably that in *United States v. Palacios-Suarez*, 418 F.3d 692, 695-97 (6th Cir. 2005).

The debate has now been resolved. "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 2006 WL 3487031 (S.Ct., Dec. 5, 2006). The *Lopez* decision controls here. We have held that cases interpreting statutes are "fully retroactive because they do not change the law, but rather explain what the law has always meant." *United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107 (10th Cir. 2005). More generally, the Supreme Court has held that:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993). *See also Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1547 (10th Cir. 1996).

We believe that *Harper* and *Olcott* make it clear beyond doubt that we must apply the Court's *Lopez* decision in this matter. We are mindful that our holding contradicts our holdings in *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir. 1996), and several cases that had followed it. We conclude that *Lopez* has clearly overruled that line of cases, notwithstanding that the issue in those cases arose under the sentencing guidelines. "[W]e must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context . . . ." *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004). The Court in *Lopez* made it clear that its holding was not limited to the immigration context, we conclude. In addressing and rejecting an argument made by the government in *Lopez*, the Court said that the reading of the statute the government was proposing would make federal law in "alien removal," and "the law of sentencing for illegal entry into the country, [under] USSG § 2L1.2, dependent on varying state criminal classifications" in contravention of Congressional intent. *Lopez*, 2006 WL 3487031 at *6.

## IV

For the reasons given, we conclude that the petition for review must be granted.

-8-

Mr. Gonzalez must be permitted to apply for cancellation of removal, and his state court conviction must not be treated as an aggravated felony.

IT IS SO ORDERED.

Appellant's unopposed motion supplement the record is granted.