**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN MARTINEZ-MACIAS,

Defendant-Appellant.

No. 05-3243

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CR-20171-CM)**

---

Melissa Harrison, Assistant Federal Public Defender for the District of Kansas, (David J. Phillips, Federal Public Defender, with her on the briefs) Kansas City, Kansas, for Defendant-Appellant.

Michael G. Christensen, Assistant United States Attorney, (Eric F. Melgren, United States Attorney, with him on the brief) Kansas City, Kansas, for Plaintiff-Appellee.

---

Before **MURPHY**, **McKAY**, and **HOLLOWAY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Defendant Juan Martinez-Macias initially was deported from the United States to Mexico on June 25, 1999, following his conviction, pursuant to a plea

bargain, in Wyandotte County District Court for possession of cocaine, a felony under Kansas state law. He illegally reentered the United States on or about February 15, 2000, and was arrested nearly five years later by Kansas City police responding to a domestic battery claim. As a result of this arrest, defendant was charged and pleaded guilty to a one-count indictment for illegally reentering the United States after deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court sentenced him to twenty-one months' imprisonment and two years of supervised release. This sentence was based in part on a pre-sentence report recommendation that the court apply an eight-level "aggravated felony" enhancement under United States Sentencing Guideline § 2L1.2(b)(1)(C).

Defendant argues on appeal that the advisory nature of the Sentencing Guidelines following *United States v. Booker*, 543 U.S. 220 (2005), and the recommended method of statutory interpretation implied in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), warrant reversal of this court's interpretation of § 2L1.2(b)(1)(C) in *United States v. Castro-Rocha*, 323 F.3d 846 (10th Cir. 2003). Accordingly, Defendant contends his eight-level aggravated felony enhancement is unjustified and resulted in an unreasonable sentence. Defendant also argues that sentencing disparities among similarly situated defendants created by "fast track" sentencing programs renders his sentence unreasonable.

We review a district court's interpretation of the Sentencing Guidelines de

novo. *United States v. Holbert*, 285 F.3d 1257, 1259 (10th Cir. 2002). The crime of illegal reentry after deportation for an aggravated felony is codified at 18 U.S.C. § 1326(b)(2), and Sentencing Guideline § 2L1.2(b)(1)(C) suggests adding an eight-level enhancement where deportation occurs after a conviction for an aggravated felony. However, the definition of "aggravated felony" provided in Application Note 3 to § 2L1.2 begins an almost comical series of statutory cross-references: "For purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act [("INA")] (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." Under 8 U.S.C. § 1101, which provides the definitions applicable to the INA, "aggravated felony" is defined in pertinent part as "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Turning to 18 U.S.C. § 924(c), we find that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act [("CSA")] (21 U.S.C. 801 *et seq*.)." Interpreting this "rather confusing maze of statutory cross-references" in order to "decipher[] what the term 'aggravated felony'" means in the Sentencing Guideline context, *United States v. Palacios-Suarez*, 418 F.3d 692, 695 (6th Cir. 2005) (internal quotation omitted), would no doubt prove a daunting task given the circuit split on this issue, *see Lopez v. Gonzales*, --- U.S. ---, No. 05-547, 2006 WL 3487031, at *3 n.3 (Dec. 5, 2006) (collecting circuit cases),

even in light of this court's previous pronouncements on the meaning of the term.

Fortunately, our route has been set for us by the Supreme Court in its recent decision on this precise issue. *See Gonzalez-Gonzalez v. Weber*, --- F.3d ---, 2006 WL 3791275, at *3 (10th Cir. Dec. 27, 2006) (applying *Lopez*). In *Lopez v. Gonzales*, after noting that mere drug possession is not considered a felony under the CSA, *id.* at *3 (citing 21 U.S.C. § 844(a)), and conducting a careful analysis of the statutes at issue, the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law," *id.* at *7. In so holding, the Supreme Court expressly abrogated this court's decision in *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir. 1996) and effectively abrogated our decision in *Castro-Rocha*. *See Gonzalez-Gonzalez*, 2006 WL 3791275, at *4 (recognizing abrogation of *Cabrera-Sosa* and the "cases that had followed it"). Consequently, we must remand Defendant's case to the district court for resentencing consistent with the Supreme Court's opinion in *Lopez*.

Our decision renders moot Defendant's contention that the eight-level enhancement is *per se* unreasonable. It does not, however, avoid Defendant's claim that a sentencing disparity was caused by the unavailability of a "fast track" sentencing program in the District of Kansas. As this argument will survive resentencing, we address it here.

We recognize that certain judicial districts employ fast-track programs in

-4-

order to expedite immigration offense cases, and that "[t]hese programs allow defendants to obtain a downward departure in their offense level under the [Sentencing Guidelines] in exchange for pleading guilty and waiving their rights to file certain motions and to appeal." *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1267 (10th Cir. 2006). These programs are authorized by a provision in the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the "PROTECT Act"). *See* Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18, 28, and 42 U.S.C.). In *United States v. Martinez-Trujillo*, we held that although the unavailability of such programs to some defendants creates disparate sentences, a disparity was not "'unwarranted' within the meaning of § 3553(a)(6) when the disparity was specifically authorized by Congress in the PROTECT Act." 468 F.3d at 1268. This decision is consistent with the position taken by several of our sister circuits, *see id.* (citing recent decisions of the Second, Fourth, Fifth, Ninth and Eleventh Circuits), and we see no reason to depart from Congress's implicit acceptance of this disparate result.

Accordingly, the matter is **REMANDED** to the district court with instructions to **VACATE** defendant's sentence and resentence him consistent with *Lopez v. Gonzales*, --- U.S. ---, No. 05-547, 2006 WL 3487031 (Dec. 5, 2006), and this opinion.