**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMUNDO CHAVEZ-AVILA,
a/k/a Ray Avilar-Noyola,

Defendant-Appellant.

No. 06-4169
(District of Utah)
(D.C. No. 2:05-CR-902-TS)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY**, and **McCONNELL**, Circuit Judges.

In December 2005, Raymundo Chavez-Avila was indicted for illegal

reentry following deportation in violation of 8 U.S.C. § 1326(a). Concurrently

with the indictment, the government filed a notice of its intent to seek a

sentencing enhancement under 8 U.S.C. § 1326(b), which increases the maximum

penalty for a violation of § 1326(a) from two years to twenty years if the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendant was previously deported "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b). This enhancement applies to Mr. Chavez-Avila because he was convicted in 1992 of "Possession/Sale of a Controlled Substance" in California.[2] R. Vol. I, Doc. 2, at 1. Mr. Chavez-Avila eventually pleaded guilty and was sentenced to seventy months imprisonment, the low end of his applicable advisory guidelines range.

On appeal, Mr. Chavez-Avila urges us to vacate his sentence because it is longer than § 1326(a)'s two-year statutory maximum. He argues that the government must allege his prior felony conviction in the indictment and prove it at trial before he is subject to § 1326(b)'s enhancement provision—actions the government did not take in his case.

To his credit, Mr. Chavez-Avila concedes that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and our post-*Booker* cases discussing *Almendarez-Torres*' continuing viability, *see United States v. Moore*, 401 F.3d 1220, 1223–24 (10th Cir. 2005). As we explained in *Moore*, it is not our prerogative to overrule a Supreme Court case, however uncertain its underpinnings may be in light of subsequent developments. *See id.* Thus, Mr. Chavez-Avila wisely admits that the only

---

[2]This state conviction does not pose problems similar to those addressed in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), because it was for more than the mere possession prohibited by 21 U.S.C. § 844. *See Lopez*, 127 S. Ct. at 629.

legitimate reason "[h]e raises th[is] issue [is] to preserve it for further review in the Supreme Court." Appellant's Br. 7.

Accordingly, we hold that Mr. Chavez-Avila's sentence is proper based on *Almendarez-Torres*. The judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge