ORDER ON PETITION FOR REHEARING
Petitioner requests panel rehearing or rehearing en banc. We previously held, inter alia, that the Board of Immigration Appeals (“BIA”) properly applied Tenth Circuit law to determine that Petitioner was removable as an aggravated felon because of a state felony drug possession conviction. Ballesteros v. Ashcroft, 452 F.3d 1153 (10th Cir.2006). We subsequently granted Petitioner’s motion to stay the mandate pending the Supreme Court’s decision in Lopez v. Gonzales, — U.S. -, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). In Lopez, the Court overturned our line of cases holding that state felony drug offenses qualify as aggravated felonies even if not punishable as felonies under federal law. See Gonzalez-Gonzalez v. Weber, 472 F.3d 1198, 1202 (10th Cir.2006).
We agree with the parties that this case must be remanded to the BIA for reconsideration and to allow Petitioner an opportunity to seek relief from removal. We accordingly REMAND for further proceedings in light of Lopez, GRANTING the petition for rehearing in this respect.[2] However, our previous disposition in this appeal remains fully effective except to the extent that it is inconsistent with Lopez or this order.

. The suggestion for rehearing en banc was circulated to the panel members and the active judges of the court. No member of the panel nor judge in active service on the court having requested a poll, the suggestion for rehearing en banc is denied.