**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FLAVIO PELAYO-TORRES,

Defendant-Appellant.

No. 06-1061
(D.C. No. 03-CR-00605 MSK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Defendant Flavio Pelayo-Torres pled guilty to one count of unlawful

reentry of a deported alien subsequent to an aggravated felony[1] conviction, for

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     An aggravated felony is defined in 8 U.S.C. § 1101(a)(43).  U.S.S.G. § 2L1.2(b)(1)(C), app. n.3.  Section 1101(a)(43)(B) defines an aggravated felony as illicit trafficking in a controlled substance, as defined by 21 U.S.C. § 802(6), including a drug trafficking crime, as defined by 18 U.S.C. § 924(c)(2).  A drug trafficking crime is any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq.  18 U.S.C. § 924(c)(2).

possession/sale of cocaine base, in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the district court sentenced him to seventy-seven months' imprisonment, followed by three years of supervised release. He appeals his imprisonment sentence.

Mr. Pelayo-Torres' counsel filed an *Anders* brief, indicating that this court lacks jurisdiction to review the sentence and therefore the appeal is frivolous, and she moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Pelayo-Torres filed a pro se response arguing, based on *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his Sixth Amendment rights were violated by the district court's, and not a jury's, finding that he had been previously convicted of an aggravated felony. The government declined to file a brief.

After counsel's *Anders* brief was filed, the Supreme Court decided *Lopez v. Gonzales*, 127 S. Ct. 625 (2006). *Lopez* held that a state drug trafficking offense is an aggravated felony if it would be punished as a felony under the Controlled Substances Act, 21 U.S.C. § 801 et seq. *Lopez*, 127 S. Ct. at 629-31, 633; *see also United States v. Martinez-Macias*, 472 F.3d 1216, 1217, 1218 (10th Cir. 2007) (applying *Lopez* in § 1326 case where aggravated felony was state felony conviction for possession of cocaine). We asked the parties to file briefs addressing what effect, if any, *Lopez* has on this case. The government argues that *Lopez* has no effect and this court lacks jurisdiction to review the length of

Mr. Pelayo-Torres' sentence. Mr. Pelayo-Torres' counsel argues that under *Lopez* the aggravated felony portion of the sentence must be set aside. Counsel, however, has not withdrawn her motion to withdraw. For the reasons discussed below, we grant Mr. Pelayo-Torres' counsel's motion to withdraw and dismiss the appeal.

I

Mr. Pelayo-Torres is a citizen of Mexico. In 1996, he was convicted in California of felony possession of cocaine base with intent to sell in violation of California Health & Safety Code § 11351.5 and sentenced to two years' imprisonment. In July 2002, he was deported to Mexico, having been deported to Mexico on five other occasions. Mr. Pelayo-Torres returned to the United States yet again and was found in Colorado on March 23, 2003.

The government charged him with unlawful reentry of a deported alien subsequent to an aggravated felony conviction in violation of § 1326(a) and (b)(2). Mr. Pelayo-Torres and the government entered into a plea agreement in which he agreed to plead guilty to the charge in exchange for the government's stipulation to a sentence at the bottom of the applicable Sentencing Guidelines range. At the plea hearing, the district court deferred acceptance of the plea agreement until the time of sentencing. Upon receiving and reviewing the Presentence Report, the district court accepted the stipulation and plea agreement

and, in compliance with Rule 11(c)(1)(C) and following the plea agreement,[2] sentenced Mr. Pelayo-Torres to seventy-seven months' imprisonment. At sentencing, the parties made no objections to the factual contents of the Presentence Report or its calculation of the sentence under the Guidelines; neither did they contend that a non-Guidelines sentence was appropriate.

II

Under *Anders*, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (internal citations to *Anders*, 386 U.S. at 744, omitted). We conclude, after examining the record and the relevant law, that Mr. Pelayo-Torres' appeal of his sentence meets this standard.

---

[2] Under Rule 11(c)(1)(C), a stipulated sentence "binds the court once the court accepts the plea agreement."

Under Rule 11(c)(1)(C), parties entering into a plea agreement may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Because Mr. Pelayo-Torres agreed to and received the specific sentence set forth in the Rule 11(c)(1)(C) plea agreement, he may appeal his sentence only if it was imposed (1) in violation of the law; (2) due to an incorrect application of the Sentencing Guidelines; or (3) in excess of the sentence set forth in the plea agreement. 18 U.S.C. § 3742(a), (c); *see Calderon*, 428 F.3d at 932. Otherwise, this court lacks jurisdiction over this appeal. *See Calderon*, 428 F.3d at 932.

Mr. Pelayo-Torres' sentence was not imposed in violation of the law. In addressing this issue, we first consider *Lopez*. Mr. Pelayo-Torres' 1996 conviction for possession/sale of crack cocaine base, a drug trafficking crime, would be punished under the Controlled Substances Act as felony possession with intent to distribute a controlled substance. *See* 21 U.S.C. § 841. This conviction therefore is not for mere possession prohibited by 21 U.S.C. § 844,[3] and, thus, *Lopez* has no effect on this case. *See Lopez*, 127 S. Ct. 629-30 & n.4 (recognizing that federal statutes typically treat trafficking as felony and possession as

---

[3]     California differentiates between possession with intent to sell and mere possession. *Compare* Cal. Health & Safety Code § 11351.5 (possession of cocaine base for sale) *with id.* § 11350 (possession of cocaine base, *see* Cal. Health & Safety Code §11054(f)(1)).

misdemeanor); *see also United States v. Chavez-Avila*, No. 06-4169, 2007 WL 293530, at *1 & n.2 (10th Cir. Feb. 2, 2007) (unpublished) (deciding *Lopez* had no effect in § 1326 case where enhancement was California conviction for possession/sale of controlled substance).

Pointing to the language of the Presentence Report,[4] Mr. Pelayo-Torres argues that under *Lopez* his sentence was improperly enhanced because there is no indication that he was the actual seller of drugs and trafficking is required for an aggravated felony conviction. In addition, he argues that there is no indication that the amount of drugs found was more than for personal use–a federal misdemeanor. Such arguments do not help his cause in this appeal. *Lopez* does not authorize a federal court to look at the underlying facts of the state conviction; rather, *Lopez* considered the state conviction in relation to federal law without reexamining the validity of the underlying conviction. Accordingly, we must assume the validity of Mr. Pelayo-Torres' 1996 conviction for possession/sale of cocaine base, and he may not collaterally attack that conviction

---

[4]     The Presentence Report recites the following facts:

> undercover officers solicited an individual to purchase a small amount of crack cocaine. This individual then traveled to an apartment, and returned a short time later, giving the undercover officer a small rock of cocaine in exchange for $20. Officers then entered the apartment, and arrested [Mr. Pelayo-Torres], and found an unknown amount of crack cocaine.

Presentence Report at 9.

in this appeal. *See Custis v. United States*, 511 U.S. 485, 487, 497 (1994) (deciding that defendant may not use federal-sentencing forum to collaterally attack validity of prior state convictions used for sentence enhancement, except for convictions obtained in violation of right to counsel); *United States v. Delacruz-Soto*, 414 F.3d 1158, 1166-67 (10th Cir. 2005) (applying *Custis* to case addressing § 1326 and U.S.S.G. § 2L1.2).

Having concluded that *Lopez* has no effect on this appeal, we proceed to consider Mr. Pelayo-Torres' remaining arguments. He first contends that his sentence was imposed in violation of the law because the indictment did not allege that he had been convicted of committing an aggravated felony before his deportation. This is simply incorrect. *See* R., Vol. I, Doc. 1. In any event, there is no such charging requirement. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 247 (1998) (holding that neither § 1326 nor Constitution requires government to charge in indictment earlier conviction used to increase sentence of recidivist); *see also United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005) (recognizing that *Booker* did not overrule *Almendarez-Torres*).

Citing *Booker* and *Apprendi*, Mr. Pelayo-Torres next argues that his Sixth Amendment rights were violated when the judge and not a jury found that he had been convicted of an aggravated felony previously. Without the aggravated-felony finding, he contends he would have been subject to only a two-year maximum sentence. *See* 8 U.S.C. § 1326(a). In *Booker*, 543 U.S. at

244, the Supreme Court "reaffirm[ed] [its] holding in *Apprendi* [that a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Clearly, "*Booker* . . . is not implicated where the district court accepts a stipulated sentence under a Rule 11(c)(1)(C) plea bargain." *See United States v. Graham*, 466 F.3d 1234, 1240 (10th Cir. 2006); *see also United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) ("nothing in *Booker* undermines the validity of sentences imposed under Rule 11(c)(1)(C)").

Because Mr. Pelayo-Torres' sentence conformed to the stipulated sentence in his plea agreement and was less than the statutory maximum of twenty years, *see* 8 U.S.C. § 1326(b)(2), it did not violate the law. That is, because Mr. Pelayo-Torres' sentence arises from the plea agreement, not from the Guidelines, the district court could not apply the Guidelines incorrectly; and, because Mr. Pelayo-Torres received exactly the sentence he bargained for, he cannot argue the district court exceeded its authority under the terms of his plea agreement. *See Calderon*, 428 F.3d at 932.

* * *

This appeal is dismissed for lack of jurisdiction. Counsel's motion to withdraw is granted.

Entered for the Court


Neil M. Gorsuch
Circuit Judge