**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BALTAZAR VERDUGO-MONTOYA,

Defendant - Appellant.

No. 10-2092
(D. Ct. No. 1:08-CR-02718-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Baltazar Verdugo-Montoya appeals his conviction and

sentence imposed for re-entry of a previously deported alien, *see* 8 U.S.C.

§ 1326(a)(1), (2), § 1326(b)(2). His appointed counsel has filed a brief and

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), and Mr. Verdugo-Montoya has submitted a pro se brief. We have reviewed the record and conclude that no meritorious appellate issues exist. Accordingly, we GRANT the motion to withdraw and DISMISS Mr. Verdugo-Montoya's appeal.

## I. DISCUSSION

Mr. Verdugo-Montoya was charged with illegal re-entry and proceeded to trial. The jury found him guilty. At sentencing, the district court applied a base offense level of eight. *See* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(a). The court then applied a sixteen-level specific offense enhancement because Mr. Verdugo-Montoya had previously been deported after a conviction for a felony drug trafficking offense. *See id.* § 2L1.2(b)(1)(A)(i). The resultant offense level of twenty-four, in combination with a criminal history category of II, resulted in an advisory Guidelines range of 57–71 months' imprisonment. The district court sentenced him to 57 months.

Under *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir.2005). If counsel makes such a request, he may "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may then file a brief in response. *Id.* Thereafter, we must undertake an independent review of the record to determine whether the

defendant's claims are wholly frivolous; if so, we may dismiss the appeal. *Id.*

Counsel's brief and Mr. Verdugo-Montoya's response identify the following issues: (1) appointed trial counsel's performance and the court's denial of Mr. Verdugo's motion to change counsel prior to trial; (2) the imposition of the sixteen-level sentence enhancement; and (3) the length and the district court's selection of the sentence imposed.

## A.    Trial Counsel's Performance and Motion to Change Counsel

Mr. Verdugo-Montoya contends that he had little or no communication with his court-appointed counsel prior to trial and that the district court violated his Sixth Amendment right to counsel when it denied his request to change counsel the day before trial. Although Mr. Verdugo-Montoya contends that he is not raising a claim for ineffective assistance of counsel, his argument on this issue necessarily implicates facts relating to counsel's performance that have not yet been developed in the record.[1]  Accordingly, we dismiss it as premature, emphasizing that Mr. Verdugo-Montoya may bring this claim on collateral review. *See United States v. Carter*, 130 F.3d 1432, 1441–42 (10th Cir. 1997) ("The general rule in this circuit is that ineffective assistance of counsel claims

---

[1]For example, Mr. Verdugo-Montoya claims that he does not understand English. He suggests that his counsel only communicated with him in English, failed to inform him of the consequences of going to trial, and that his counsel had a "conflict of interest." Moreover, we note that a review of the district court's docket reveals no request for a change of counsel and no ruling on the matter from the court, which would inform this court of the circumstances surrounding this claim.

should be brought in collateral proceedings rather than on direct appeal . . . [because] [a] factual record must be developed in and addressed by the district court in the first instance for effective review." (quotations omitted)).

B.    Sentence Enhancement

Mr. Verdugo-Montoya received a sixteen-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for previously being deported as a result of a felony conviction for a drug trafficking offense. On appeal, he argues that the district court imposed the enhancement based on a prior felony crime of violence without undertaking the requisite analysis under *Shepard v. United States*, 544 U.S. 13 (2005), including considering the judgment of conviction or charging documents. Because Mr. Verdugo-Montoya received the enhancement based on a prior drug trafficking offense, however, and not based on a prior crime of violence, this argument is without merit.

C.    Length and Selection of Sentence

Finally, Mr. Verdugo-Montoya takes issue with the length of his sentence in light of the factors under 18 U.S.C. § 3553(a), contends that the district court applied the Guidelines mandatorily, and argues that the district court failed to give reasons for the particular sentence.

On the first point, Mr. Verdugo-Montoya argues that the district court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

18 U.S.C. § 3553(a)(6).  He contends that a 57-month sentence is too long, given that other defendants with similar offense conduct and criminal history who participate in fast-track programs receive downward departures.  This argument is foreclosed by our precedent.  In *United States v. Martinez-Macias*, 472 F.3d 1216, 1218–19 (10th Cir. 2007), we stated:

> We recognize that certain judicial districts employ fast-track programs in order to expedite immigration offense cases, and that "[t]hese programs allow defendants to obtain a downward departure in their offense level under the [Sentencing Guidelines] in exchange for pleading guilty and waiving their rights to file certain motions and to appeal." *United States v. Martinez–Trujillo*, 468 F.3d 1266, 1267 (10th Cir. 2006).  These programs are authorized by a provision in the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the "PROTECT Act").  *See* Pub. L. No. 108–21, 117 Stat. 650 (codified in scattered sections of 18, 28, and 42 U.S.C.).  In *United States v. Martinez-Trujillo*, we held that although the unavailability of such programs to some defendants creates disparate sentences, a disparity was not "'unwarranted' within the meaning of § 3553(a)(6) when the disparity was specifically authorized by Congress in the PROTECT Act."  468 F.3d at 1268.

We similarly find no merit in Mr. Verdugo-Montoya's claims that the district court imposed the Guidelines mandatorily and failed to give reasons for the sentence imposed.  To begin, the district court thoroughly entertained Mr. Verdugo-Montoya's argument for a below-Guidelines sentence, which belies any suggestion that the court thought the Guidelines were mandatory.  The court also explained why it imposed the 57-month sentence, which is the lowest within the applicable Guidelines range.  The court explained that it could not, based on

Tenth Circuit law, simply disregard Mr. Verdugo-Montoya's prior drug trafficking offense in order to spare him from the resultant sixteen-level sentence enhancement. The court did further explained, however, that because of that large increase, a sentence at the low end of the Guidelines range was appropriate. Finally, the court stated it would not depart or vary because Mr. Verdugo-Montoya had proceeded to trial, and no other § 3553(a) factor warranted a below-Guidelines sentence. Thus, the court clearly articulated reasons for the sentence imposed.

## II. CONCLUSION

We find no nonfrivolous basis for Mr. Verdugo-Montoya to challenge his conviction or sentence. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Senior Circuit Judge